SUAU, DEMANDANTE Y APELADO, *v.* JUNTA ESCOLAR DE SAN JUAN, DEMANDADA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Primer Distrito, en pleito sobre rescisión de contrato.

No. 2808.—Resuelto en junio 8, 1923.

VENTA DE TERRENOS PARA USO PÚBLICO — INTERPRETACIÓN DE CONTRATO DE VENTA—RESCISIÓN DE VENTA.—Las meras declaraciones hechas en una escritura de venta de terreno a una junta escolar de que el terreno será destinado para una calle, u otras manifestaciones semejantes, no se consideran como condiciones o limitaciones de la cesión. Tratándose de una venta "sin reserva ni limitación," mediante compensación en dinero que debe suponerse adecuada, la interpretación que favorece una rescisión o una confiscación no debe prevalecer, y menos cuando si bien el comprador no procedió a la construcción de una calle, tampoco fué destinado el terreno a ningún otro uso inconsistente con el uso indicado.

Los hechos están expresados en la opinión.
Abogado de la apelante: *Sr. Juan de Guzmán Benítez.*
Abogados del apelado: *Sres. S. Suau y F. Soto Gras.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

La corte inferior dictó sentencia decretando la rescisión de una escritura de compraventa y ordenando el traspaso de la finca a favor del vendedor demandante y la devolución por éste último del precio de venta, por las razones que a continuación se expresan:

"En este caso el demandante alega que por escritura de 5 de noviembre de 1915 ante el notario de San Juan, don Frank Antonsanti, vendió a la Junta Escolar de San Juan una parcela de

terreno en la sección sur del barrio de Santurce de esta ciudad, compuesta de 18 metros de frente a la calle de Serra por 29 metros en su fondo con una superficie de 539 metros cuadrados y por un precio de $1,000.

"Que dicha parcela fué vendida para que la junta la destinase a una calle que uniera como prolongación la calle del Congreso de Miramar con la de Cerra.

"Que El Pueblo de Puerto Rico ha dado comienzo a la carretera conocida con el nombre 'Carretera del Sur' que, partiendo del puente de San Antonio, termina en Martín Peña como prolongación de la Calle del Congreso, de Miramar, atravesando el terreno del demandante en pocos metros hacia el norte de la parcela vendida a la Junta Escolar y que a los efectos de esa nueva vía el demandante traspasó al Pueblo de Puerto Rico 459 metros 93 centímetros cuadrados.

"Que en virtud de dicha prolongación con la 'carretera del Sur' la junta escolar no podrá en modo alguno cumplir lo estipulado en la escritura de venta de la parcela a ella vendida y por tanto solicita la rescisión del contrato.

"El demandado contestó la demanda negando que la parcela expresada fuese adquirida para destinarla a una calle que uniera a la del Congreso con la de Cerra.

"Hace la demandada otras negaciones; alega materia nueva y que no puede aceptar la rescisión del contrato ni la devolución del precio pagado.

"Practicada la prueba de este caso, encontramos probados los hechos de la demanda y en cuanto a la cláusula 4 que aparece en la escritura otorgada entre las partes, dicha cláusula dice así:

" 'Cuarta: Los vendedores entregan el terreno vendido a la compradora y le dan su posesión en este acto entendiéndose que dicho terreno será destinado por la Junta Escolar de San Juan para una calle que ha de unir la del Congreso con la de Cerra.' "

"Debemos considerar que el demandante tiene otros terrenos además de la parcela vendida a la demandada y que la consideración de la venta, en cuanto a la conexión de las calles Congreso y Cerra indudablemente ha influído en el precio de venta de la parcela expresada por lo que la salida a la calle de Cerra indudablemente habría de beneficiar el resto de la finca del demandante.

"La condición a que se refiere la cláusula antes expresada ya no puede cumplirse por haber el Pueblo de Puerto Rico traspa-

sado la carretera del Sur como prolongación de la Calle del Congreso."

La nueva materia de la cual se hace tal mención casual en la cita anterior, es en substancia, que en la escritura de compraventa no se establecía ningún convenio sobre res cisión en caso de no destinarse por la junta escolar la parcela en cuestión a construir una calle; y que aún cuando la demandada no está privada de destinar a cualquier uso dicha parcela que convenga a los fines para los cuales se crea la Junta Escolar, es lo cierto que la parcela siempre se necesita y seguirá necesitando, y ahora se está usando para los mismos fines para que fué adquirida, o sea para el acceso a la escuela Rafael Cordero para conveniencia de los niños que conviven en las calles inmediatas, entre ellas la calle de Cerra.

De paso podemos aquí decir que la prueba no deja duda alguna en nuestra mente de que en cuanto concernía a la junta escolar el fin principal de la adquisición era el que acaba de indicarse; y que, como manifestó el presidente de la junta, quien admitió la escritura, si en el curso de la negociación se hubiera hecho cualquier proposición para el tras paso de un título rescindible, o de un derecho bajo condición, nunca hubiera sido firmada la escritura. En verdad que parece enteramente claro, en vista de los autos en conjunto y hasta como fué afirmado por el propio demandante en el acto de la vista, *arguendo* sobre otra cuestión, que a menos que esta parcela hubiera sido adquirida, la compra de una parcela mayor en la cual fué luego construído el edificio escolar jamás se hubiera llevado a cabo.

Puede ser, como alega el demandante y declaró probado la corte inferior, que el anticipado aumento en valor del resto sin vender puede haber influído en el vendedor, en cierto modo, para llegar a un acuerdo final en cuanto al precio de venta. Por otra parte, *non constat* si una calle

transversal fuere un aliciente tan grande no constituiría entonces una doble ventaja, dos de tales medios de intersección y comunicación.

La verdadera cuestión, sin embargo que fué enteramente pasada por alto por la corte de distrito es que el demandante en este caso no es el donante de una cosa para un fin caritativo que no ha surtido efecto, sino un abogado activo e inteligente que vendió sabiendo lo que hacía, mediante una consideración sustancial en dinero y como es de suponerse, adecuada, lo que a falta de alguna disposición expresa sobre revocación, es bastante para rechazar esa idea. Véase la nota al caso de *McElroy* v. *Pope*, 44 L. R. A. (N. S.), pág. 1220, en la página 1223, y casos citados.

La junta escolar no se comprometió a asegurar a su vendedor contra cualquiera posible alteración en los planes del gobierno insular, o cambio en el rumbo del proyectado camino insular. Y mucho menos se obligó dicha junta en tal caso a pavimentar, afirmar, o de otro modo construir o conservar ningún camino público en condición acabada. Pero si pudo haber hecho y había hecho tal convenio, la mera terminación del camino insular por una ruta distinta no sería ningún obstáculo al cumplimiento de la obligación a que se acaba de hacer mención.

Ni encontramos tampoco en los términos del documento ninguna base lógica para el criterio sustentado por la corte inferior y que ahora se alega para sostener la sentencia en cuanto a la existencia de una clara condición resolutoria. Suau y su esposa ''vendieron, cedieron y traspasaron a la Junta Escolar de San Juan la parcela descrita, transfiriéndole su dominio con todos sus derechos y cuanto le es anexo y corresponda, sin reserva ni limitación.'' Cualquier contradicción o reserva en el lenguaje que a la vez es tan claro como amplio, o limitación o condición impuesta a esta cesión absoluta, puede hallarse, si acaso, en tal inferencia que pueda hacerse de la vaga referencia a un entendimiento en

cuanto al proyectado uso, anexo a la cláusula que tiene por objeto hacer la entrega del terreno.

No sólo ha de considerarse el documento en conjunto sino que todo él debe ser leído a la luz de la regla general de que una interpretación que envuelve confiscación no es favorecida. Los casos que surgen del traspaso de terreno para fines escolares no constituyen ninguna excepción a esta regla, sino que más bien sirven para explicarla. Así pues, en la nota al caso de *McElroy* v. *Pope, supra,* en la página 1222, encontramos lo siguiente:

"En general las meras declaraciones hechas en la escritura de que la propiedad se traspasa para fines escolares, o ha de quedar para tales fines, y otras manifestaciones semejantes, no se consideran como condiciones o limitaciones de la cesión."

En el presente caso la prueba en conjunto, incluso la del demandante más bien parece robustecer que oponerse al criterio de que ninguna cuestión de rescisión o confiscación que dependa de cualquier suceso futuro,—con la posible excepción de una deliberada y clara separación para algún fin incompatible con el uso público de la faja de terreno como calle,—fué tenida en cuenta por ninguna de las partes al hacerse el traspaso. Ciertamente que no pudo haber concurso alguno de voluntades para incluir en la escritura semejante condición resolutoria.

No sólo no ha hecho la demandada ningún uso de la parcela de terreno en cuestión que sea incompatible con el que se indica en la escritura, sino que por el contrario ha construído una acera en toda la extensión de la faja para uso de los niños de la escuela y del público, comunicando así a la escuela directamente con la calle Cerra. Mientras tanto, la junta escolar para su misma protección, se ha visto obligada a adquirir un número más de solares que están dentro de la propuesta prolongación de la calle del Congreso y el camino finalmente adoptado al trazarse la carretera in-

sular. Desde entonces también, la propuesta prolongación de la calle del Congreso permanece en los planos presenta-dos como prueba, y no existe indicación alguna de aban-dono por parte del municipio de ninguno de los planes que pueda haber tenido para la elección y apertura a su conve-niencia, de la nueva calle como prolongación de la calle del Congreso.

Debe revocarse la sentencia apelada y declararse sin lu-gar la demanda.

> *Revocada la sentencia apelada y declarada sin lugar la demanda.*

Jueces concurrentes: Sres. Presidente del Toro y Aso-ciados Wolf y Aldrey.

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.